**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES PAT HUNT,

    Defendant-Appellant.

No. 98-6232
(W. District of Oklahoma)
(D.C. No. 97-CR-127)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This court, therefore, honors the parties' requests and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A jury convicted James P. Hunt with one count of possession of methamphetamine with intent to distribute. The Presentence Report ("PSR") calculated Hunt's base offense level as 40 and his criminal history category as VI, resulting in a sentencing range of 360 months to life. *See* U.S.S.G. ch. 5 pt. A, Sentencing Table. Hunt objected to the drug quantity calculations in the PSR, asserting that several of the quantities should not have been included because they lacked any indicia of reliability and had not been proved by a preponderance of the evidence. At the sentencing hearing, the district court concluded that it need not resolve Hunt's objections. According to the district court, even if the objections were resolved in Hunt's favor, the sentencing range of 360 months to life would not change. The district court sentenced Hunt to a term of imprisonment of 360 months. Hunt appeals, raising the following two claims of error: (1) the district court erred in not resolving Hunt's objections to the PSR; and (2) the district court erred in allowing the prosecution to trade sentencing leniency for the sworn testimony of two cooperating witnesses. This court exercises jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and **affirms**.

In the sentencing context, this court reviews the district court's factual findings for clear error; the district court's application of the Sentencing

Guidelines is reviewed *de novo*. *United States v. Cantley*, 130 F.3d 1371, 1378, 1379 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1098 (1998).

Hunt's primary contention on appeal is that the district court erred by declining to rule specifically on Hunt's various objections to the drug quantities utilized to calculate Hunt's base offense level in the PSR. Hunt's arguments on appeal represent a fundamental misunderstanding of the Sentencing Guidelines. Part A of chapter 5 of the Sentencing Guidelines establishes a Sentencing Table. The offense level (numbers one through forth-three) forms the vertical access of the Sentencing Table; the criminal history category represents the horizontal axis of the Table. *See* U.S.S.G. ch. 5 pt. A, Sentencing Table, application note 1. Because Hunt is an adult, the instant crime involved a controlled substance felony, and Hunt has at least two prior felonies which are crimes of violence or controlled substance offenses, Hunt is a career offender under U.S.S.G. § 4B1.1. Accordingly, Hunt's criminal history category is set at VI. Hunt does not appear to contest these calculations which establish the parameters of the horizontal axis of the sentencing table.

It is the vertical axis of the Table which appears to cause Hunt trouble. The PSR established a base offense level 40. Included in that calculation were thirty-six points based on the quantity of methamphetamine attributed to Hunt as relevant conduct and four points based on the Hunt's role as a leader and

organizer of an extensive methamphetamine distribution enterprise. A base offense level of 40 coupled with a criminal history category of VI results in a sentencing range of 360 months to life. *See* U.S.S.G. ch. 5 pt. A, Sentencing Table. Hunt objected to the PSR claiming the United States had failed to prove all of the quantities of methamphetamine used in the calculation of the base offense level. At the sentencing hearing, however, the district court specifically and correctly concluded that it did not need to resolve Hunt's objections because even if Hunt prevailed it would not alter his sentencing range. In particular, the district court noted that § 4B1.1 of the Guidelines establishes special rules for calculating the base offense level of career offenders. When the offense of conviction involves a potential statutory maximum life sentence, as does Hunt's,[1] the minimum base offense level is 37. A base offense level of 37 coupled with a criminal history category of VI results in a sentencing range of 360 months to life.[2] *See id.* Thus, based on the operation of § 4B1.1, 360 months is the minimum sentence Hunt could have received. Recognizing that Hunt's sentencing

_____

[1]Section 841(b)(1)(A)(viii) imposes a potential penalty of life imprisonment if the substantive drug violation covered by § 841(a) involved, *inter alia*, more than 100 grams of methamphetamine. Hunt does not dispute that the offense of conviction involved approximately 145 grams of methamphetamine seized at his residence. Instead, his objections go only to additional quantities of methamphetamine added to the calculation as "relevant conduct."

[2]In fact, any base offense level above 36, coupled with a criminal history category of VI, results in a sentencing range of 360 months to life. *See* U.S.S.G. ch. 5 pt. A, Sentencing Table.

range would not change no matter the resolution of Hunt's objections to the PSR and in light of its decision to sentence Hunt to the minimum sentence available under the Guidelines, the district court properly concluded that Hunt's objections to the PSR were moot.[3]

---

[3]This court is surprised that Hunt chose to appeal this issue, particularly in light of the following exchange between the district court and Hunt's counsel at the sentencing hearing:

**The Court**: The Court would make a finding in this case that this Defendant is a career offender pursuant to Section 4B1.1 of the guidelines. Whether this Court goes through all of the objections and receives testimony on all of the objections filed on Mr. Hunt's behalf to the Presentence Report–I would note that the Presentence Report places Mr. Hunt at a 40 base level offense and a Criminal History Category of VI, which under the guidelines makes his guideline range 360 months to life

Whether the Court sentences, after receiving testimony on all of those various objections and he ends up there or the fact that this Court makes a finding, which I have, that Mr. Hunt is a career offender pursuant to the guidelines, his guideline range is the same under the Career Offender Guideline.

Mr. Hunt's guideline range is also the 360 months to life. By making the finding that he is a career offender it really trumps, if you will, the various objections which have been filed on Mr. Hunt's behalf . . . .

Certainly the Court would note your response, which this court has reviewed, to the sentencing memoranda in which you note your various objections to the Constitutionality of the guidelines and recite other reasons pertaining to the Career Offender Statute, but do you have an objection to the Court handling this sentence this way?

**Counsel**: No, ma'am. I understand your ruling that he is a career offender. We're in the guideline range of 360 to life. I think that makes my objections moot, pending whether or not the Appellate Court affirms you on that.

Hunt argues for the first time on appeal that his conviction should be vacated because the United States adduced at trial the testimony of two cooperating witnesses who agreed to testify for the United States in exchange for leniency. According to Hunt, the government's offers of leniency to the cooperating witnesses violated 18 U.S.C. § 201(c)(2). This court recently rejected this argument in *United States v. Singleton*, No. 97-3178, 1999 WL 6469 (10th Cir. Jan. 8, 1999) (en banc). In *Singleton*, this court concluded that "section 201(c)(2) was not intended to apply to the United States or its attorneys." *Id.* at *5. *Singleton* controls here and precludes Hunt's claim of error.

---

I think we all understand I'm not waiving the objections. In case we are successful on appeal, we would have to have a resentencing to determine the amounts. I understand what you are doing today. I explained that I thought you would do that and we discussed it prior to entering the courtroom. I have no objection to you proceeding as you have indicated.

Accordingly, it appears clear that at the time of the sentencing hearing, Hunt understood that his classification as a career offender set a minimum term of 360 months imprisonment under the guidelines and that in light of that classification all of his objections to the PSR were moot. Hunt did, however, indicate that if he could succeed on appeal in overturning the career offender classification, it would be necessary to take up the objections. Nevertheless, Hunt has not challenged the propriety of the career offender classification on appeal. Accordingly, his challenge to the district court's failure to specifically address his objections to the PSR seems, at the very least, quizzical.

For those reasons set out above, the judgment and sentence entered by the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge